## Edward W. Sewall *v.* Annie G. Howard.

*The conventional subrogation must be made at the time of the payment.*

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *Durant & Horner,* for plaintiff and appellant. *Lea & Marr* and *A. G. Brice,* for defendant.

Merrick, C. J. This suit is brought to recover of the defendant, the wife of *Thomas H. Howard,* the amount of four promissory notes, executed by her with the authorization of her husband.

There was judgment in favor of the defendant, as in case of a nonsuit, and plaintiff appeals.

The defendant has filed an answer to the appeal, and prays that she have final judgment against the plaintiff, cancelling the mortgages executed by her in favor of the plaintiff.

Interrogatories were propounded by the plaintiff to the defendant in order to prove that the consideration of the notes sued on enured to the benefit of the separate estate of the defendant. Her answers negative the interrogatories. 13 An. 546; 14 An. 15.

Two of the notes sued on, being for $500 each, were given as part of the price of certain property claimed by the wife as her paraphernal property.

As to these two notes, it is made a question, whether plaintiff bought them, or if he did not purchase them, whether he did not pay them with a legal or conventional subrogation.

The proof shows that he *paid* the notes. He acquired no *conventional* subrogation, because he took no such subrogation at the time of the payment. C. C. 2156. There could be no *legal* subrogation, because, (in the absence of defendant's answer, which was rejected at the instance of plaintiff,) there is no proof that plaintiff had a valid mortgage upon defendant's property for any amount. The answers to interrogatories on facts and articles show, that the supposed mortgage relied upon by plaintiff had no existence as such, and hence, that he is not *a creditor* who can claim a legal subrogation in the sense of Article 2156, C. C.

As the judgment must be affirmed, we do not deem it important to consider the other questions raised by the defendant and appellee. It is sufficient to remark, that we do not think, under the circumstances, that the judgment ought to be amended in favor of the appellee, so as to bar the plaintiff's action.

Judgment affirmed.

Land, J., absent.